DENNIS, Justice,
concurring.
I respectfully concur in the judgment.
This case calls upon the court to decide whether a physician adequately performed his statutory duty to inform his patient of all known risks of a surgical procedure, and, if not, whether his failure was a cause of the patient’s injury. I agree with the majority that the doctor failed to inform his patient of a known risk of the surgery performed which unfortunately had adverse side effects, but that objectively this was not a cause of her injury because any reasonable person, even if accurately informed of all known risks, would have opted to have the surgery under the particular circumstances. However, I disagree with the majority’s perception of La.R.S. 40:1299.40 as a comprehensive restatement of the entire informed consent doctrine and'with the majority opinion’s commentary on issues not before the court.
The doctrine of informed consent is far broader than the rights and duties encompassed by the statute pertinent to this case or brought into play by the facts of this litigation. The root premise of the doctrine is the concept, fundamental in American jurisprudence, that every human being of adult years and sound mind has a right to determine what shall be done with his own body. E.g., Schloendorff v. Society of New York Hospital, 211 N.Y. 125, 105 N.E. 92 (1914). See also W. Prosser, Torts § 18 at 102 (3rd ed. 1964); Restatement of Torts § 49 (1934). True consent to what happens to oneself is the informed exercise of a choice, and that entails an opportunity to evaluate knowledgeably the options available and the risks attendant upon each. The average patient has little or no understanding of the medical art, and ordinarily has only his physician to whom he can look for enlightenment with which to reach an intelligent decision. From these almost axiomatic considerations springs the need and in turn the requirement, of a reasonable divulgeance by physicians to make such a decision possible. See Canterbury v. Spence, 464 F.2d 772 (D.C.Cir.1972).
Proficiency in diagnosis and therapy is not the full measure of a physician’s responsibility. The cases demonstrate that the physician is under an obligation to communicate specific information to the patient when the exigencies of reasonable care call for it. Babin v. St. Paul Fire and Marine *870 Ins. Co., 385 So.2d 849 (La.App. 1st Cir. 1980). Due care may require a physician perceiving symptoms of bodily abnormality to alert the patient to the condition. Dowling v. Mutual Life Ins. Co. of New York, 168 So.2d 107 (La.App. 4th Cir.1964). It may call upon the physician confronting an ailment which does not respond to his ministrations to inform the patient thereof. It may command that the physician instruct the patient as to any limitations to be presently observed for his own welfare, and as to any precautionary therapy he should seek in the future. It may oblige the physician to advise the patient of a need for or desirability of any alternative treatment promising greater benefit than that being pursued. Canterbury v. Spence, supra. Finally, as the present case indicates, due care normally demands that the physician warn the patient of any risk to his well being which the contemplated therapy may involve.
Indeed, a careful review of La.R.S. 40:1299.40 reveals that it is concerned only with the final duty stated above and does not attempt to codify the others. The statute merely prescribes the duty of a physician to inform the patient of the risks involved in the medical or surgical procedure to be performed. If the physician complies with the statute in warning the patient of any risk to his well being which the contemplated therapy may involve, it cannot be said that the patient failed to knowingly and intelligently assume these particular risks. On the other hand, when reasonable care calls for a physician to inform his patient of an alternative treatment promising greater benefit than that being pursued, to alert him of a bodily abnormality, or to apprise him of an ailment’s lack of response to treatment, his basic duty of due care under the law cannot be discharged by merely informing the patient of the risks involved in the medical procedure performed. Therefore, compliance with La. R.S. 40:1299.40, as reasonably construed, satisfies only one duty of the physician to his patient during the course of treatment and does not supplant his obligation to fulfill his other duties contemplated by the doctrine of informed consent.
It is obvious from a reading of the statute itself that the legislature did not even consider the questions of the physician’s duty to advise the patient of alternative treatments, alert the patient to bodily abnormalities, instruct the patient as to any limitations to be observed for his welfare, alert the patient to an ailment which does not respond to treatment, and perhaps other duties encompassed by the doctrine of informed consent. Since a patient’s right to decide which medical or surgical treatments may be performed upon his own body has constitutional dimensions, it is unthinkable that the legislature would sanction the withholding of such information from a patient when it is necessary to make a knowing and intelligent decision in exercising autonomy over his or her own body. Because these subjects were not even alluded to in the statute, the only reasonable construction of the statute is that it defines only the duty of a physician to inform the patient of the risk's involved in the medical or surgical procedure to be performed and does not attempt to prescribe any of his other duties contemplated by the doctrine of informed consent. Accordingly, until the legislature enacts a comprehensive statute restating the rights of patients and the duties of physicians as to the entire doctrine of informed consent, future cases falling outside the narrow confines of the present statute should continue to be governed by the jurisprudence.